No. 110,549

STATE OF KANSAS, *Appellee*, v. DAVID MONCLA, *Appellant*.

(343 P.3d 1161)

Opinion filed March 6, 2015.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: David Moncla appeals the district court's summary denial of his motion to correct illegal sentence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 1995, a jury convicted David Moncla of first-degree murder. Based on the evidence presented at trial, which included the fact that the murder victim had been struck in the head with a claw hammer at least 18 times, the district court judge found that the murder had been committed in an especially heinous, atrocious, or cruel manner—an aggravating factor under K.S.A. 1994 Supp. 21-4636. The district judge imposed a hard 40 life sentence as a result. Because Moncla had not yet seen receipts supporting a requested restitution amount, the district judge gave the parties 30 days to determine restitution and said that he would hold a hearing if there was a dispute over the restitution amount. By way of a journal entry filed nearly 5 months later, the district judge set amounts for restitution and court costs. This court affirmed Moncla's conviction and sentence on direct appeal. *State v. Moncla*, 262 Kan. 58, 936 P.2d 727 (1997).

In January 2013, Moncla filed a pro se motion to correct illegal sentence. In the motion, Moncla claimed his sentence was illegal because: (1) insufficient evidence supported the district judge's finding of an aggravating factor supporting imposition of a hard 40 life sentence; (2) the district judge "intentionally structured defendant's case through bias, improper and legally unsound rulings, to ensure [Moncla] received a Hard-Forty year sentence in violation of [his] due process rights"; (3) the district judge lacked jurisdiction to sentence defendant because his right to a fair trial and due process rights were violated; and (4) the district judge lacked jurisdiction to impose restitution, court costs, and other fees.

Moncla's motion was summarily denied, and Moncla took a timely appeal to this court.

## DISCUSSION

We recently stated the applicable standards of review in *State v. Gilbert*, 299 Kan. 797, 326 P.3d 1060 (2014).

"An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504 de novo because the reviewing court has the same access to the motions, records, and files. [Citation omitted.] This court, like the district court, must determine whether the documents conclusively show the defendant is not entitled to relief. [Citation omitted.]

"Whether a sentence is illegal is a question of law over which this court has unlimited review. This court has defined an 'illegal sentence' under K.S.A. 22-3504 as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]" 299 Kan. at 801 (citing *State v. Trotter*, 296 Kan. 898, 901-02, 295 P.3d 1039 [2013]).

Under K.S.A. 22-3504(1),

"[t]he court may correct an illegal sentence at any time. . . . The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

When presented with a motion to correct illegal sentence, a district judge should conduct an initial examination of the motion to determine if it raises substantial issues of law or fact. *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013). If it does not, *i.e.*, if the motion, files, and records of the case conclusively show the defendant is not entitled to relief, the motion may be denied summarily without a hearing or appointment of counsel. 298 Kan. at 576.

Moncla invites this court to reconsider its longstanding precedent that allows a district judge to deny a motion to correct illegal sentence summarily if it fails to state any substantial issues of law or fact. Moncla argues that the plain language of the statute and public policy are on his side. This court has consistently rejected

Moncla's plain language argument, see *Makthepharak*, 298 Kan. at 576, and we do so again today.

Moncla's public policy argument suggests that many motions to correct illegal sentence "that have merit are often lost in the sea of motions that may not have merit." He appears to believe that the remedy for this situation would be a ruling from this court requiring a hearing and appointment of counsel for all such motions, which would give the legislature an incentive to change the wording of the statute to expressly preclude motions not raising substantial issues of law or fact. Because our many rulings that such motions are bound to be unsuccessful have, according to Moncla, been spectacularly unsuccessful, *i.e.*, failed to stem a tide of meritless motions, we are doubtful that baiting the legislature into making the change in statutory language that Moncla suggests would discourage such motions.

Moncla next argues that his motion met the requirement of stating a substantial issue by "rais[ing] issues of law which are supported by appropriate legal citations" and "[b]y laying out . . . arguments which have previously been upheld by the appellate courts." Moncla asserts that it need not be clear at the outset or conclusion of a district judge's initial examination of a motion that the defendant will prevail before appointment of counsel and a hearing are required. Moncla is correct that a motion does not have to be guaranteed to be successful before prompting appointment of counsel and a hearing, but our review of the motion, files, and records of the case conclusively demonstrate that Moncla cannot meet even the lesser threshold of stating a substantial issue. See *Makthepharak*, 298 Kan. at 576. The fact that a motion cites cases and presents a legal argument is not necessarily enough to avoid summary disposition.

` We now turn to the merits of Moncla's motion.

Moncla first argues that the sentencing judge erred when he determined that the murder was committed in an especially heinous, atrocious, or cruel manner. Although the judge relied on the fact that the victim had been struck multiple times with a hammer, Moncla argues that the evidence was insufficient to show that the victim was alive during any strike after the first. Moncla contends

that "if the victim died instantly from the first blow to the head, it [cannot] be said that there was a high degree of pain or prolonged suffering." Moncla argues that a lack of sufficient evidence makes his sentence illegal and created a jurisdictional defect.

The State responds that Moncla's claim is a "fact-based challenge to the evidence supporting the court's sentencing decision" that does not fit into this court's narrow definition of illegal sentence. The State further argues that this claim should have been raised on direct appeal, and it has therefore been waived or abandoned.

The only one of the three types of illegal sentence that a hard 40 unsupported by sufficient evidence of an aggravator may be able to satisfy is the second: It is possible that it could be described as "a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment." Here, the district judge's determination that Moncla should receive a hard 40 turned on whether any aggravating circumstances were outweighed by any mitigating circumstances, as required in the governing statute. K.S.A. 1994 Supp. 21-4635(c). And the district judge explicitly found the existence of an aggravating factor under K.S.A. 1994 Supp. 21-4636; the evidence of killing by claw hammer, regardless of which of numerous blows was fatal, amply supported his decision that the murder was committed in an especially heinous, atrocious, or cruel manner. The sentencing statutes did not require the district judge to make further explicit statements about the way in which the aggravator outweighed any mitigators. See *State v. Coleman*, 271 Kan. 733, 742, 26 P.3d 613 (2001). Moncla's conviction for first-degree murder bestowed jurisdiction to sentence upon the district court, and the judge's pronounced sentence conformed to the statutory requirements.

Moncla also argues that his sentence is illegal because a judge rather than a jury determined the existence and weight of the aggravating factor that led to the hard 40. He cites *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2162-63, 186 L. Ed. 2d 314 (2013), which held that, under the Sixth Amendment, any fact that increased a sentence must be found by a jury rather than a judge. "Because the definition of an illegal sentence does not include a

claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence." *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007); see *Verge v. State*, 50 Kan. App. 2d 591, 598-99, 335 P.3d 679, 684 (2014) (motion to correct illegal sentence based on *Alleyne* improper constitutional challenge to sentence).

Moncla attempts to bring his sentence under the much later *Alleyne* ruling by arguing that "sentencing in the current case is not final." Finality is prevented, he asserts, because restitution was a part of his sentence and its amount was not set at his sentencing hearing. We disagree. Because the district judge held open restitution at sentencing, Moncla's sentence was not final at the conclusion of the hearing. See *State v. Hall*, 298 Kan. 978, 987, 319 P.3d 506 (2014). The State does not dispute that a second hearing did not occur, and a final order of restitution does not appear in the record. The finality of Moncla's sentence, however, occurred no later than the filing of the journal entry memorializing the restitution amount. See *State v. Brown*, 299 Kan. 1021, 1026-27, 327 P.3d 1002 (2014) (restitution left open at sentencing, later set in final order of restitution, memorialized in journal entry; judgment final). Moncla's sentence has been final since well before his direct appeal was disposed of. See *State v. Frierson*, 298 Kan. 1005, 1021, 319 P.3d 515 (2014).

Moncla's last argument is that the setting of the restitution amount did not occur in open court with him present, and thus its imposition constitutes an illegal sentence. We reject this argument. As in *Frierson*, we are satisfied that "the spirit, if not the letter" of the proper procedure was followed. 298 Kan. at 1021. Although the procedural history of this case differs in certain respects from that of *Frierson*, the differences are not so great that the district court was deprived of jurisdiction. And, to the extent this argument rests upon a constitutional claim, again, such a claim is not properly raised in a motion to correct illegal sentence.

## Conclusion

Moncla's motion to correct illegal sentence did not state a substantial issue of law or fact, and we therefore affirm the district judge's summary denial.