NOT DESIGNATED FOR PUBLICATION

No. 113,843

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE R. KINDSVATER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Coffey District Court; PHILLIP M. FROMME, judge. Opinion filed November 6, 2015. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: Jesse R. Kindsvater appeals the district court's denial of his motion to correct illegal sentence. We granted Kindsvater's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On September 1, 2011, Kindsvater pled no contest to one count of rape and one count of aggravated indecent liberties with a child, both off-grid felonies. As part of the plea negotiations, the State agreed to recommend on-grid sentences for severity level 1 and 3 person felonies, respectively. On October 6, 2011, the district court imposed a controlling sentence of 226 months' imprisonment. This sentence reflected a downward durational departure for each of Kindsvater's off-grid felonies, but the sentences of 165

1

months and 61 months represented the aggravated presumptive sentences for severity level 1 and 3 person felonies, respectively. Kindsvater did not timely appeal his sentence.

On October 20, 2014, Kindsvater filed a pro se motion to correct illegal sentence. He argued that his sentence was illegal because the district court had imposed the aggravated presumptive sentences for severity level 1 and 3 person felonies, but the State had not proven the presence of aggravating factors to a jury beyond a reasonable doubt. On December 4, 2014, the district court filed an order denying Kindsvater's motion to correct illegal sentence. Kindsvater timely appealed.

On appeal, Kindsvater argues that the district court erred by denying his motion to correct illegal sentence because the State should have been required to prove the presence of aggravating factors to a jury beyond a reasonable doubt. But as Kindsvater admits, whether the judge could find the presence of aggravating factors without the factors being proven to a jury beyond a reasonable doubt raises a constitutional issue, not a statutory one, meaning the issue is not properly the subject of a motion to correct an illegal sentence. See *State v. Moncla*, 301 Kan. 549, Syl. ¶ 6, 343 P.3d 1161 (2015) (sentence imposed in violation of constitutional provision does not constitute illegal sentence).

Furthermore, as Kindsvater acknowledges, the district court may sentence a defendant to the aggravated presumptive sentence within a gridbox even where factors are not submitted to a jury without running afoul of a defendant's constitutional rights. See *State v. Johnson*, 286 Kan. 824, 851, 190 P.3d 207 (2008). Thus, the district court did not err in denying Kindsvater's motion to correct illegal sentence.

Affirmed.