NOT DESIGNATED FOR PUBLICATION

No. 113,535

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. EWING, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed April 1, 2016. Sentence vacated and case remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*:  Robert E. Ewing, Jr., appeals from the district court's denial of his motion to correct illegal sentence. Following the reasoning in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), *writ of cert. filed* September 17, 2015, we conclude that the district court should have classified Ewing's 1993 juvenile adjudication for burglary as a nonperson felony when calculating his criminal history score. Following the reasoning of *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶ 8, No. 113,189, 2016 WL 852130 (2016), we also find that a *Dickey* claim may be brought in a motion to correct illegal sentence at

1

any time. Accordingly, we vacate his sentence and remand this case to the district court for resentencing.

FACTS

On July 19, 2010, Ewing pled guilty to one count of theft and one count of burglary for events that occurred in August 2007. A presentence investigation (PSI) report placed Ewing in criminal history category B. The PSI report included in Ewing's criminal history a 1993 juvenile adjudication for a burglary that he committed in 1992, which was prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 21-4701 *et seq.*; L. 1992, ch. 239, secs. 1-304 (effective July 1, 1993). The report scored the 1993 juvenile adjudication as a person felony. As such, Ewing's PSI reflected a criminal history that included two person felonies, four nonperson felonies, and one nonperson misdemeanor.

At the sentencing hearing held on September 30, 2010, Ewing did not object to his criminal history score as set forth in the PSI. Although the district court imposed a presumptive prison sentence of 125 months, it granted Ewing a dispositional departure allowing him to serve 36 months of probation with community corrections. Subsequently, in October 2011, the district court revoked Ewing's probation and ordered him to serve a modified 114-month prison sentence. This court summarily affirmed the district court's decision on direct appeal in *State v. Ewing*, No. 107,780, 2012 WL 5205736 (Kan. App. 2012) (unpublished opinion).

On August 19, 2014, Ewing filed a pro se motion under K.S.A. 22-3504(1), arguing that his sentence was illegal in light of this court's holding in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018 (2015). Specifically, he alleged that the district court violated his constitutional rights by classifying his 1993 juvenile adjudication for burglary as a person felony when calculating his criminal

2

history score. On December 9, 2014, the district court denied Ewing's motion because he failed to object to his criminal history at the time of sentencing and failed to challenge his criminal history on direct appeal. Thereafter, on December 11, 2014, Ewing filed a notice of appeal.

ANALYSIS

On appeal, Ewing initially contends that the district court erred in denying his motion to correct an illegal sentence. In particular, Ewing argues that the Kansas Supreme Court's decision in *Dickey*, 301 Kan. at 1021, requires that his 1993 juvenile adjudication for burglary must be scored as a nonperson felony for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We agree.

Whether a sentence is illegal is a question of law over which this court has unlimited review. See *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Under K.S.A. 22-3504(1), an illegal sentence is:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" 301 Kan. at 551.

Similar to the present case, the defendant in *Dickey* pled guilty to felony theft, and his PSI listed a 1992 juvenile adjudication for burglary that the district court scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. On appeal, the defendant challenged the classification of his 1992 burglary adjudication as a person felony, arguing that it violated his Sixth Amendment rights as articulated by the United States Supreme Court in *Apprendi* and

3

*Descamps*. Our Supreme Court concluded that the defendant was not barred from challenging the classification of his burglary adjudication as a person felony because it held that a stipulation or lack of an objection regarding how a prior conviction or adjudication should be classified in determining a defendant's criminal history score does not prevent a subsequent challenge under K.S.A. 22-3504(1). *Dickey*, 301 Kan. at 1032.

Furthermore, applying *Apprendi* and *Descamps*, the *Dickey* court determined that the burglary statute in effect when the defendant committed his prior burglary did not require evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. Our Supreme Court explained that because the burglary statute did not contain a dwelling element, determining whether the defendant's burglary involved a dwelling at the criminal history stage "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. Thus, it concluded that "classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Applying the same reasoning as used in *Dickey*, we conclude that scoring Ewing's 1993 juvenile adjudication for burglary as a person felony violates his constitutional rights. Nevertheless, the State maintains that the motion to correct illegal sentence is barred by the doctrine of res judicata. Moreover, the State contends that we should not retroactively apply *Dickey*. Both of these issues, however, were addressed recently by this court in *Martin*, and we find its rationale persuasive.

As indicated above, the *Martin* decision held that a constitutional violation under *Dickey* may be brought in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final. See 52 Kan. App. 2d __, Syl. ¶¶ 7-8. Specifically, the *Martin* court recognized that the legislative directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time supersedes the

4

general rule prohibiting retroactive application of an appellate court decision. See 52 Kan. App. 2d __, Syl. ¶¶ 5, 8. Moreover, the court found in *Martin* that applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear legislative directive in K.S.A. 22-3504(1). 52 Kan. App. 2d __, Syl. ¶ 5.

We, therefore, vacate Ewing's sentence and remand this case to the district court for resentencing consistent with *Dickey*.

Sentence vacated and case remanded with directions.