NOT DESIGNATED FOR PUBLICATION

No. 113,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCIUS G. HAMPTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed May 6, 2016. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Lucius G. Hampton appeals from the district court's denial of his motion to correct illegal sentence. Although we agree that the district court should have classified Hampton's four pre-1993 in-state burglary convictions as nonperson felonies when calculating his criminal history score pursuant to *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), we find that Hampton's argument is moot because—as he admits—he has a criminal history score of "A" even if his four pre-1993 burglary convictions are treated as nonperson felonies. Accordingly, we affirm the district court's denial of Hampton's motion to correct illegal sentence.

1

On April 8, 2013, Hampton pled guilty to three counts of forgery for conduct that occurred in February 2012. The presentence investigation (PSI) report showed Hampton's criminal history as category "A" based on the following 10 adult person felony convictions: (1) 1980 Michigan "Residential Occupied Burglary"; (2) 1987 Texas "Attempted Residential Burglary"; (3) 1987 Kansas burglary of a residence; (4) 1987 Kansas burglary of a residence; (5) 1988 Kansas burglary of a residence; (6) 1990 Kansas burglary of a residence; (7) 1994 Kansas burglary of a residence; (8) 1997 Kansas burglary of a residence; (9) 2002 Kansas burglary of a residence; and (10) 2005 Kansas burglary of a residence.

At least six of the adult felonies classified as person offenses in the PSI occurred before the Kansas Sentencing Guidelines Act (KSGA) became effective on July 1, 1993. See K.S.A. 21-4701 *et seq.*; L. 1992, ch. 239, sec. 1 (effective July 1, 1993). Moreover, although it is unclear from the record on appeal, it is possible that Hampton also committed the 1994 Kansas burglary of a residence prior to the effective date of the KSGA. Nevertheless, the PSI revealed that Hampton committed three person felonies after the KSGA's effective date: (1) the 1997 burglary of a residence; (2) the 2002 burglary of a residence; and (3) the 2005 burglary of a residence.

When asked by the district court at the sentencing hearing, Hampton agreed through counsel that the criminal history score in his PSI report was correct. Finding Hampton's criminal history category to be "A," the district court sentenced Hampton to 18 months' imprisonment. It does not appear from our review of the record that Hampton filed a direct appeal.

On December 24, 2014, Hampton filed a motion to correct illegal sentence, arguing that the district court had improperly scored his in-state and out-of-state pre-1993

2

burglary and attempted burglary convictions as person felonies pursuant to this court's opinion in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). On January 12, 2015, the district court summarily denied Hampton's motion. Thereafter, Hampton timely filed a notice of appeal.

ANALYSIS

On appeal, Hampton contends that the district court erred in denying his motion to correct illegal sentence. Hampton argues that his sentence is illegal because the district court miscalculated his criminal history score. Specifically, he maintains that his in-state pre-1993 burglary convictions must be scored as nonperson felonies for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey*, 301 Kan. at 1021. We agree.

Whether a sentence is illegal is a question of law over which this court has unlimited review. See *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Under K.S.A. 22-3504, an illegal sentence is:

> "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" 301 Kan. at 551.

In *Dickey*, the defendant pled guilty to felony theft, and his PSI listed a 1992 juvenile adjudication for burglary that the district court scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. On appeal, the defendant challenged for the first time the classification of his 1992 burglary adjudication as a person felony, arguing that it violated his Sixth

3

Amendment rights as articulated by the United States Supreme Court in *Apprendi* and *Descamps*. The Kansas Supreme Court held that the defendant was not barred from challenging the classification of his prior adjudication for burglary as a person felony because neither a stipulation nor lack of an objection regarding how a prior conviction or adjudication should be classified prevents a subsequent challenge under K.S.A. 22-3504(1). *Dickey*, 301 Kan. at 1032.

Furthermore, applying *Apprendi* and *Descamps*, our Supreme Court determined in *Dickey* that the statute in effect at the time the defendant committed his prior burglary did not require evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. As such, determining whether the defendant's burglary involved a dwelling at the criminal history stage "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. Thus, classifying the defendant's prior juvenile adjudication for burglary as a person felony was found to violate his constitutional rights. 301 Kan. at 1021.

Hence, we find that it is appropriate to apply the reasoning from *Dickey* to the present case. In doing so, we conclude that scoring Hampton's four pre-1993 in-state burglary convictions as person felonies violates his constitutional rights. Nevertheless, our analysis does not end here.

In its brief, the State argues that Hampton has abandoned the issue raised in his motion to correct illegal sentence because he did not raise it on direct appeal. This issue, however, was addressed recently by this court in *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶ 8, No. 113,189, 2016 WL 852130 (2016), and we find its rationale persuasive.

Although we believe this issue is properly before us, even after removing Hampton's four pre-1993 burglary convictions from his criminal history, it is undisputed

4

that he still has at least three prior residential burglary convictions that occurred after the KSGA went into effect. Beginning on July 1, 1993, the Kansas burglary statute provided that a defendant could commit a burglary by entering into or remaining within a dwelling. K.S.A. 21-3715 (Furse). The burglary statute in effect when Hampton committed the current crime contained a dwelling element and classified burglary of a dwelling as a person felony. K.S.A. 2011 Supp. 21-5807(a)(1), (c)(1)(A). Therefore, the district court did not engage in improper factual findings by classifying his three post-1993 residential burglary convictions as person felonies. See *Dickey*, 301 Kan. at 1037-38. As such, Hamilton's criminal history score is still "A" because he has "three or more adult convictions . . . for person felonies." See K.S.A. 2012 Supp. 21-6809. In fact, Hampton admitted in his motion to correct illegal sentence that his criminal history score would remain the same even if the district court reclassified the challenged convictions.

In light of the fact that Hampton's criminal history score is still "A" based on his post-1993 residential burglary convictions, we find his argument to be moot. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012); *State v. Thompson*, No. 93,322, 2006 WL 399126, at *5 (Kan. App.) (unpublished opinion), *rev. denied* 281 Kan. 1381 (2006) (finding defendant's criminal history challenge moot because he had 31 prior convictions and a criminal history score of "A" apart from the challenged convictions).

Affirmed.