IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 110,325
110,326
110,327

STATE OF KANSAS,
*Appellee*,

v.

JEFF DICKEY,
*Appellant.*

SYLLABUS BY THE COURT

1.

The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision. A defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.

2.

The classification of a prior crime as a person or nonperson felony for criminal history purposes is a question of state statutory law. A misclassification results in an illegal sentence that can be corrected at any time.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 15, 2014. Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 7, 2016. Judgment of the Court of Appeals affirming the district court in part and dismissing in part is reversed. Judgment of the district court is vacated in part and remanded with directions.

*Samuel Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

1

*Anna M. Jumpponen*, assistant county attorney, and *Natalie A. Chalmers*, assistant solicitor general, argued the cause, and *Charles Ault-Duell*, assistant county attorney, *Ellen H. Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Dickey appeals from the revocation of his probation in three cases which have been consolidated on appeal. He argues the district court erred in two ways: (1) by failing to ascertain and pronounce the specific term length of the underlying sentences after revoking his probation; and (2) by imposing illegal underlying sentences premised on an erroneous criminal history score that resulted from a misclassification of a prior conviction as a person felony. As set forth below, we agree with Dickey's second claim, vacate the underlying sentences, and remand to district court for resentencing. Dickey's first claim of error is therefore moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A district court hearing was held on May 16, 2013, for the dual purpose of pronouncing sentence on Dickey following his conviction for felony theft and considering the State's motions to revoke his probation in four earlier cases based on his new conviction. That hearing has resulted in multiple separate appellate court opinions in two separate cases—today's decision being the fourth and likely final of these. At the hearing, two things happened:  (1) Dickey was sentenced for his felony conviction; and (2) Dickey's probation in the prior cases was revoked (Dickey has never contested the fact that he violated the terms of his probation). All five of the sentences pronounced during this hearing—one for the principal crime and four that merely imposed the sentences already pronounced in prior cases—were premised on Dickey's criminal history score as it was reflected on presentence investigation (PSI) reports.

2

At the May hearing, Dickey's PSI showed that Dickey had 55 prior offenses:  3 person felonies, 12 nonperson felonies, and 40 nonperson misdemeanors. As such, Dickey received a criminal history score of A based on the finding that Dickey had three prior adult convictions or juvenile adjudications for person felonies. See K.S.A. 2012 Supp. 21-6809 (Offender falls into criminal history category A when "offender's criminal history includes three or more adult convictions or juvenile adjudications, in any combination, for person felonies."). One of the three offenses scored as a person felony was a juvenile adjudication for burglary occurring before the enactment of the Kansas Sentencing Guidelines Act and the classification of crimes in Kansas as either person or nonperson. If that earlier juvenile conviction—in 1992—were to be classified as a nonperson felony, Dickey's criminal history score would have been a B.

This is the crucial fact shared by all the appeals arising out of the May hearing. How that 1992 conviction is classified—person or nonperson—significantly impacts the guidelines sentence for all four of Dickey's sentences at issue. With respect to Dickey's sentence for the principal crime, Dickey's appeal was resolved by this court last year in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). Today we resolve Dickey's appeal of the underlying sentences imposed after his probation was revoked in his earlier cases.

While the two cases share identical substantive legal questions concerning the proper classification of Dickey's prior 1992 crime, there is a procedural difference. Simply stated, *Dickey I* was a direct sentencing appeal while today's decision—*Dickey II*—arrived at the steps of the appellate courts as an appeal of three probation revocations long after the initial sentences in those underlying cases had passed. The parties spend significant time contesting whether the different procedural posture of *Dickey II* dictates a different outcome. But as we recite below, we granted Dickey the relief he sought in

3

*Dickey I* because the misclassification of his prior conviction resulted in an illegal sentence. An illegal sentence can be corrected at any time. K.S.A 22-3504(1). As such, the procedural distinctions the State relies on between *Dickey I* and *Dickey II* fade to irrelevance and the substantive holding of *Dickey I* must control.

ANALYSIS

We begin by reviewing our decision last year in *Dickey I*. There, Dickey argued that the district court violated his constitutional rights under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), "by classifying Dickey's prior 1992 in-state juvenile adjudication for burglary as a person felony—resulting in Dickey having a criminal history score of A and placing him in the A–9 grid box of the Kansas Sentencing Guidelines." *Dickey I*, 301 Kan. at 1020.

The State argued that Dickey was barred from bringing a challenge to the classification of his prior burglary adjudication for the first time on appeal because he "failed to raise an objection to the classification at sentencing and, in fact, stipulated to the accuracy of his criminal history score." 301 Kan. at 1027. It has never been contested that Dickey in fact did stipulate to the accuracy of the PSI report; however, we held:

> "[A] defendant's stipulation or failure to object at sentencing will prevent the defendant
> from later challenging the existence of convictions listed in his or her criminal history.
> But a stipulation or lack of an objection regarding how those convictions should be
> classified or counted as a matter of law for the purpose of determining the defendant's
> criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1)
> of his or her prior convictions." 301 Kan. at 1032 (citing *State v. Weber*, 297 Kan. 805,
> 814-15, 304 P.3d 1262 [2013]).

4

Thus, where there has been a misclassification of a prior conviction, the resulting sentence is illegal and can be corrected at any time pursuant to K.S.A. 22-3504. *Dickey I*, 301 Kan. 1018, Syl. ¶ 3 ("Under K.S.A. 22-3504[1], a defendant may challenge for the first time on appeal the classification of his or her prior convictions and/or the resulting criminal history score used to sentence him or her under the Kansas Sentencing Guidelines Act. Such a challenge necessarily raises a claim that the sentence imposed for the current conviction was illegal because the sentence did not comply with the applicable statutory provision regarding the term of punishment authorized for the current conviction.").

The proper classification of a prior conviction is a question of law over which we exercise unlimited review. 301 Kan. 1018, Syl. ¶ 5. Interestingly, in this case, what *kind* of a question of law this presents may alter the outcome. If the question of law presented is a question of *constitutional law*—and the State claims that it is—then Dickey's assertion on appeal that his sentence is illegal runs squarely into the hurdle imposed by our prior caselaw that "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision [and] a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.'" *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015) (quoting *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 [2007]). The State points to this rule and argues:

> "[I]t is questionable whether this issue is properly before this court. However, the State acknowledges the issue was properly raised for the first time on appeal in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2014). But, *Dickey* was wrong to conclude that a constitutional challenge to a defendant's sentence fits within the realm of K.S.A. 22-3504."

The State's confusion on this question is understandable given that our decision in *Dickey I* was not as clear as it could have been on this narrow point. We clarify now that

our holding in *Dickey I* was not a repudiation of the rule stated in *Moncla* that a motion to correct an illegal sentence is not a proper vehicle to assert a constitutional challenge to a defendant's sentence. We expressly reaffirm the *Moncla* rule.

The parties' framing of the question here as a question of constitutional law is likewise understandable, but incorrect. It is true that the methodology utilized by the State and the district court to find the additional fact that Dickey's prior burglary conviction issue involved a dwelling turned out to be constitutionally infirm pursuant to *Apprendi* and its progeny. The bulk of our opinion in *Dickey I* was spent resolving this question. However, once that question was resolved, we returned to consider the question of the proper classification of the prior crime *purely as a matter of statutory law*:

> "Under the facts of [*Dickey I*, which are also the facts of *Dickey II*], the district court was constitutionally prohibited from classifying the defendant's prior burglary adjudication as a person felony under K.S.A. 2014 Supp. 21-6811(d) because doing so necessarily resulted from the district court making or adopting a factual finding (*i.e.*, the prior burglary involved a dwelling) that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. Because burglary of a 'dwelling' (as that term is defined in K.S.A. 2014 Supp. 21-5111[k]) was not included within the statutory elements making up the defendant's burglary adjudication under K.S.A. 1991 Supp. 21-3715, the burglary adjudication should have been classified as a nonperson felony for criminal history purposes." *Dickey I*, 301 Kan. 1018, Syl. ¶ 8.

Our holding in *Dickey I* demonstrates that the proper classification of a prior crime is exclusively a matter of state statutory law. Which is simply to reiterate that "[b]ecause burglary of a 'dwelling' . . . was not included within the statutory elements making up the defendant's burglary adjudication . . . [it] should have been classified as a nonperson felony for criminal history purposes." 301 Kan. 1018, Syl. ¶ 8.

6

Having clarified that the challenge presented to Dickey's sentences in both *Dickey I* and here are challenges to the statutory propriety of the classification at issue—albeit with a thick overlay of constitutional law occasioned by the State's unconstitutional efforts to "save" Dickey's prior conviction as a person felony—there is no impediment to Dickey's claim that the underlying sentences he received after his probation was revoked in the three underlying cases are illegal. And that claim is identical to, and controlled by, our determination in *Dickey I* that the exact prior conviction at issue here was in fact misclassified. The State's remaining efforts to impose a procedural bar to the relief Dickey seeks—arguments concerning retroactivity and res judicata—are all unavailing in the context of a motion to correct an illegal sentence which can be made at any time. Dickey's prior 1992 conviction was misclassified as a person felony, and the resulting sentences are illegal. Those sentences are vacated, and this matter is remanded to the district court for a recalculation of Dickey's criminal history and resentencing.

The decision of the Court of Appeals is reversed, Dickey's sentences are vacated, and this matter is remanded to the district court.

* * *

JOHNSON, J., concurring:  I concur in the majority's result, but write separately to question the majority's express reaffirmation of the "*Moncla* rule," which states that the definition of an illegal sentence under K.S.A. 22-3504(1) "'does not include a claim that the sentence violates a constitutional provision.'" *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015).

First, I read the majority opinion as holding that Dickey's sentence was illegal as a matter of statutory law, thus rendering superfluous any discussion of the constitutional implications of that statutorily illegal sentence. In that event, I would label the majority's

7

reaffirmation of the *Moncla* rule as dictum. See *State v. Mercantile Co.*, 103 Kan. 896, 176 P. 670 (1918) (dogmatic answer to question not squarely involved is dictum by which nobody would be bound).

More importantly, however, I believe that the broad statement from *Moncla* should be refined or clarified. I agree with the premise that a motion to correct an illegal sentence under K.S.A. 22-3504(1) should not be a proper vehicle to challenge a sentencing statute as facially unconstitutional. But where, as here, a sentencing judge applies an unchallenged sentencing statute in such a manner as to reach an unconstitutional result, I cannot call that unconstitutional sentence "legal." To the contrary, I would label that sentence illegal for K.S.A. 22-3504(1) correction purposes, even though a constitution instead of a statute made it so. In short, I would differentiate between a constitutional challenge to the *sentence* imposed and a constitutional challenge to the *statute* under which it was imposed; the former being correctable under K.S.A. 22-3504(1), but the latter not. Ultimately, however, I agree with the majority's correction of Dickey's sentence.