IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,314

STATE OF KANSAS,
*Appellee*,

v.

CEDRIC YWAIN PETERSON,
*Appellant*.

SYLLABUS BY THE COURT

A motion to correct an illegal sentence cannot raise claims that a sentence violates a constitutional provision.

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed February 14, 2020. Affirmed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, was on the brief for appellant.

*Michelle L. Brown*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Cedric Ywain Peterson pleaded no contest in 2007 to the first-degree murder of his wife, Rachelle. The district court judge sentenced Peterson to life imprisonment without the possibility of parole for 25 years, what is known as a "hard 25."

1

In July 2017, Peterson filed a motion to correct an illegal sentence, arguing that his hard 25 was disproportionate under federal and state constitutional bans on cruel and unusual punishment. He also argued that the district judge erred by imposing lifetime postrelease supervision.

The district judge agreed that Peterson should not be subject to lifetime postrelease supervision and issued a nunc pro tunc order amending Peterson's journal entry of sentencing. The district judge rejected Peterson's constitutional challenge to the hard 25.

Peterson now appeals to this court, continuing to challenge his hard 25 as a violation of the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. He contends that the sentence is "grossly disproportionate" because he had no previous criminal history and entered a no contest plea.

This court will not consider the merits of Peterson's constitutional arguments, because a motion to correct an illegal sentence is an improper vehicle for them. "[T]his court has repeatedly held a motion to correct an illegal sentence . . . cannot raise claims that [a] sentence violates a constitutional provision." *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019); see also *State v. Bryant*, 310 Kan. 920, 922, 453 P.3d 279 (2019); *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015).

Affirmed.

PATRICK D. MCANANY, Senior Judge, assigned.[1]

_____

[1]**REPORTER'S NOTE:**  Senior Judge McAnany was appointed to hear case No. 119,314 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.