NOT DESIGNATED FOR PUBLICATION

No. 122,908

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLON D. MCGINN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed April 22, 2022. Affirmed.

*Carlon D. McGinn*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

PER CURIAM: Defendant Carlon D. McGinn appeals the Sedgwick County District Court's denial of his motion asserting sentences imposed on him in 2003 were illegal because his earlier Colorado conviction for menacing was improperly scored as a person felony, thereby increasing the presumptive punishments in this case. Representing himself in the district court and now on appeal, McGinn presents diffuse arguments that largely seem to rehash an earlier and unsuccessful motion. We find no basis in McGinn's claims for granting relief and, therefore, affirm the district court.

1

In 2003, McGinn pleaded guilty to rape and aggravated criminal sodomy in the district court and was sentenced based on a criminal history of B that included as a person felony a conviction under Colo. Rev. Stat. § 18-3-206 (2000) for the crime of menacing. Ten years later, McGinn filed a motion to correct the sentences as illegal, as provided in K.S.A. 22-3504, because the Colorado conviction should have been classified as a nonperson felony. If that were correct, McGinn would be entitled to be resentenced with a lower criminal history. The district court denied that motion, and we initially remanded the claim to the district court for further review. The district court again denied the motion, and we affirmed that ruling. *State v. McGinn*, No. 117,495, 2018 WL 3485725, at *3-4 (Kan. App. 2018) (unpublished opinion).

In 2019, McGinn filed another motion to correct illegal sentences—that is the one we are now considering. The district court denied it, relying on res judicata ostensibly grounded in our earlier decision. McGinn has appealed. There appear to be no factual disputes underlying the issues, so we review the matter without any particular deference to the district court. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

To the extent McGinn's motion could be denied based on a preclusion doctrine, we suppose it would be law of the case rather than res judicata, since both motions have been filed in a single case. See *State v. Williams*, No. 118,781, 2018 WL 6580086, at *3 (Kan. App. 2018) (unpublished opinion) (contrasting res judicata and law of the case). Rather than getting bogged down in differentiating law of the case from res judicata and determining whether one applies, we skip over preclusion and examine the merits of what we understand McGinn to be arguing. We may do so because law of the case and res judicata are prudential rules that do not strip a court of subject matter jurisdiction.

In reviewing a claim that a sentence is illegal, we apply the statutes and rules governing the determination of criminal histories in place when the challenged sentence

was imposed. Here, that would be 2003. If McGinn's sentences were lawful then, we will not disturb them now. See *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019).

In 2003, out-of-state convictions were scored as felonies or misdemeanors based on how the convicting jurisdiction categorized them. It is undisputed that Colorado treated McGinn's conviction for menacing under Colo. Rev. Stat. § 18-3-206 as a felony. To determine whether an out-of-state conviction should be considered a person offense or a nonperson offense, the sentencing court would look at the comparable Kansas crime—based on the similarity of the statutory elements—and apply the designation for the Kansas crime. To be "comparable" in 2003, the Kansas crime had to have elements similar to, although not necessarily the same as or narrower than, the out-of-state crime. *Weber*, 309 Kan. at 1209.

The record on appeal shows that the incident resulting in the Colorado conviction for felony menacing occurred in September 2001, so we consider the version of Colo. Rev. Stat. § 18-3-206 in effect then. The Colorado Legislature recently amended the statute, but those amendments are irrelevant.

Against that legal backdrop, we gather McGinn to be making three arguments. First, McGinn contends the classification of his Colorado conviction for criminal history purposes entails impermissible judicial fact-finding violating *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by usurping a criminal defendant's right to jury trial secured in the Sixth and Fourteenth Amendments to the United States Constitution. The Kansas Supreme Court has consistently rejected that construction of the rule laid down in *Apprendi*. *State v. Razzaq*, 309 Kan. 544, 552, 439 P.3d 903 (2019); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Likewise, the comparison of an out-of-state conviction with a comparable Kansas crime for criminal history purposes requires no fact-finding implicating *Apprendi* because the task depends on an evaluation of the statutory elements wholly divorced from the factual

circumstances of the defendant's conviction. See *State v. Mejia*, 58 Kan. App. 2d 229, 240, 466 P.3d 1217 (2020). McGinn's initial contention fails.

Second, McGinn argues Colo. Rev. Stat. § 18-3-206 creates two distinct ways of committing the crime of felony menacing and that the State has failed to prove which one covered his conviction. Although McGinn's assertion is correct, the argument affords him no relief because both versions of menacing are comparable to person crimes under the Kansas Criminal Code. In turn, the Colorado conviction was properly scored as a person felony for criminal history purposes.

Under Colo. Rev. Stat. § 18-3-206(1)(a) and (b), a defendant committed felony menacing by placing or attempting to place another "in fear of imminent serious bodily injury" by:    (a) using a deadly weapon or "any article" used or fashioned in a manner that would cause a person to reasonably believe it to be a deadly weapon; or (b) representing verbally or otherwise he or she is armed with a deadly weapon. The first way conforms to aggravated assault in Kansas as it was defined in 2003. The gravamen of the Kansas crime was placing the victim in "reasonable apprehension of immediate bodily harm" using a deadly weapon. See K.S.A. 21-3410 (defining aggravated assault, incorporating elements of simple assault in K.S.A. 21-3408). The Kansas statute criminalizes inducing fear in the victim as its primary purpose and thus entails a victim-oriented perspective on what constitutes a deadly weapon, so an unloaded handgun or realistic looking water pistol would be sufficient. See *State v. Deutscher*, 225 Kan. 265, 271-72, 589 P.2d 620 (1979) (pointing unloaded revolver at victim sufficient to support conviction for aggravated assault, since crime rests on perpetrator's "apparent ability" to inflict harm); *State v. Collins*, No. 119,522, 2019 WL 2554096, at *2-3 (Kan. App. 2019) (unpublished opinion). The Colorado crime of felony menacing captured the same approach in shaping the elements to encompass the victim's perception of the weapon resulting in a present fear of serious bodily harm.

The Kansas crime of aggravated assault does not directly cover the second way of committing felony menacing in Colorado—a defendant's representation of having a deadly weapon without displaying any object purporting to be the weapon. So a defendant's statement, "I have a gun, and I'm going to mess you up!" presumably would be sufficient to convict of felony menacing, even if the defendant had no firearm or other deadly weapon. The crime, however, is arguably comparable to Kansas aggravated assault, given the victim-oriented perspective of both offenses, since the induced fear or apprehension would be the same.

If, however, the difference represents too wide a gap to be comparable, then simple assault in Kansas would be sufficiently similar. In 2003, simple assault criminalized "intentionally placing another person in reasonable apprehension of bodily harm." K.S.A. 21-3408. Simple assault entailed causing a similar distress in the victim of immediate physical harm without requiring the perpetrator to display or even possess a deadly weapon. A defendant's verbal representation of having a deadly weapon would fit within the elements of simple assault. (Such conduct could well constitute a criminal threat under what is now K.S.A. 2020 Supp. 21-5415, punishable as a felony. But that is beside the point in assessing McGinn's argument.) Both aggravated assault and simple assault were classified as person crimes in Kansas in 2003. One or the other furnished the requisite comparability for classifying McGinn's Colorado menacing conviction as a person felony for criminal history purposes. In classifying an out-of-state conviction as a person felony, the comparable Kansas crime providing the person designation may be a misdemeanor, like simple assault. See *State v. McMillan*, No. 115,229, 2017 WL 3447000, at *7 (Kan. App. 2017) (unpublished opinion), *vacated in part on other grounds and remanded by order* (April 30, 2018). McGinn's second argument fails.

Finally, McGinn contends the Kansas Supreme Court's pronouncement in *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018)—that a Kansas crime can be similar to an out-of-state crime for criminal history purposes only if its elements are the

5

same as or narrower than the out-of-state crime—governs his sentences. The court has rejected retroactive application of the *Wetrich* rule to criminal cases that had become final—meaning any direct appeal had concluded or the time to appeal had run—before the opinion was issued in 2018. *Weber*, 309 Kan. at 1209. That disposes of McGinn's third claim adversely to him.

Affirmed.