NOT DESIGNATED FOR PUBLICATION

No. 123,811

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUATESZ R. REDMON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed October 7, 2022. Affirmed.

*David L. Miller*, of The Law Office of David L. Miller, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Dressed up as a motion to correct an illegal sentence—treated by the district court as a prisoner's motion for habeas corpus relief—Marquatesz Redmon returns to this court claiming once again that his 732-month sentence for rape and other serious felonies violates the Eighth Amendment to the United States Constitution. If we consider Redmon's motion as a motion to correct an illegal sentence, then he loses because such a motion is not the correct way to attack a constitutional question. If we consider Redmon's motion as a prisoner's motion for habeas corpus relief, he loses because the issue could have been raised in his direct appeal, but was not.

1

*Redmon's crimes*

In 2014, a jury convicted Redmon of rape, aggravated burglary, aggravated robbery, and aggravated intimidation of a witness. The facts of Redmon's crimes are in the opinion from his direct appeal to this court and are not pertinent here. See *State v. Redmon*, No. 113,145, 2016 WL 5344034, at *1-3 (Kan. App. 2016) (unpublished opinion). At the time Redmon committed these crimes, he was 17. He was charged as a juvenile but later was certified for prosecution as an adult. The sentencing court sentenced him to a controlling sentence of 732 months' imprisonment. The district court also imposed lifetime postrelease supervision.

Redmon appealed his convictions, raising several issues on direct appeal. One of the issues was that his aggregated sentence of 732 months was categorically unconstitutional under the Eighth Amendment to the United States Constitution when imposed on a juvenile in adult court. Because Redmon had not raised this issue in district court and failed to explain in his brief why the matter should be heard for the first time on appeal, the panel that heard Redmon's direct appeal held that this issue was not properly preserved under Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35) and found it abandoned. *Redmon*, 2016 WL 5344034, at *4-5.

Despite so ruling, the panel continued to analyze the merits of Redmon's argument. The panel concluded, "Thus, we are unwilling to hold that, as a matter of law, Redmon's 732-month aggregate sentence is a de facto sentence of life without the possibility of parole. Accordingly, it cannot be said to categorically violate the Eighth Amendment." 2016 WL 5344034, at *6. Additionally, the panel concluded that the district court's discretionary sentencing exempted Redmon's sentence from any violations of the Eighth Amendment. The court held:

"Even if we were to hold that Redmon's aggregate sentences of 732 months are the functional equivalent of a life sentence without parole for juveniles, the trial court afforded Redmon the full benefit of the individualized sentencing considerations required by *Miller* [*v. Alabama*, 567 U.S. 460, 465, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)]. Before imposing the aggravated presumptive sentences for Redmon's crimes, the trial court exercised its individualized sentencing jurisprudence by considering Redmon's motion for a downward dispositional or durational departure from the presumptive sentences, which included his mitigating qualities of his youth." 2016 WL 5344034, at *6.

Ultimately, the panel affirmed his convictions and sentences. 2016 WL 5344034, at *13. The Kansas Supreme Court denied Redmon's petition for review.

*Redmon takes a new path to attack his sentence.*

In 2018, without benefit of legal counsel, Redmon moved to correct illegal sentence. He asserted his 732-month prison sentence violated the Eighth Amendment to the United States Constitution as interpreted in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), and in the cases it spawned. Redmon argued that he will not become eligible for release until he is 79, which is the functional equivalent of a life sentence, in violation of *Graham*.

In support of this assertion, Redmon attached two documents:
- a study suggesting that each year spent in prison translated to a two-year decline in life expectancy; and
- an article which revealed that Black males suffer worse health outcomes and have a lower life expectancy than other demographic groups, and that incarceration exacerbates their health and life expectancy.

3

Redmon also argued his lifetime postrelease supervision was unconstitutional and must be vacated.

The district court denied Redmon's motion to correct illegal sentence. First, the court held that Redmon's motion to correct illegal sentence was not the proper vehicle to bring a constitutional challenge to a sentence. Following the ruling in *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015), the court held that such a challenge does not fall within the definition of an illegal sentence found in K.S.A. 2017 Supp. 22-3504.

The district court then construed Redmon's motion as a K.S.A. 60-1507 motion because he was a prisoner attacking his sentence. The court held that his Eighth Amendment argument was barred by res judicata because this court in his direct appeal rejected Redmon's challenge to his sentence on the same grounds.

Redmon did secure some relief when the district court held that Redmon's lifetime postrelease supervision was unconstitutional and vacated that order.

Redmon makes no argument about the court's ruling that the constitutionality of a sentence does not fall within the definition of an illegal sentence that could be contested under K.S.A. 2017 Supp. 22-3504. But he does argue that the district court erred in holding that his Eighth Amendment claim was barred by res judicata. We consider this to be a question of law and will exercise unlimited review over it. See *Herington v. City of Wichita*, 314 Kan. 447, 450, 500 P.3d 1168 (2021).

We do not agree with the district court that res judicata bars Redmon's claim. But that does not mean that Redmon prevails.

The panel ruling on Redmon's direct appeal held that his Eighth Amendment claim failed because it was abandoned since he did not comply with Rule 6.02(a)(5). Simply

put, Redmon failed to preserve the issue. But the court spoke at length on the merits of the issue and stated that it was unconvinced that his sentence violated the United States Constitution.

That raises a question like that in *Marks v. State*, No. 122,291, 2022 WL 333600, at *3 (Kan. App. 2022) (unpublished opinion): "When an appellate court holds a claim is unpreserved but observes it is, nevertheless, without merit, is the issue properly considered decided 'on the merits' and barred by res judicata in future proceedings?"

Since the issue in the direct appeal here was abandoned, then all that followed was an advisory opinion. It was judicial dictum.

We rely on several authorities. Judicial dictum is defined in Black's Law Dictionary 569 (11th ed. 2019), as "[a]n opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision and therefore not binding even if it may later be accorded some weight." In *Schmidt v. Trademark, Inc.*, 315 Kan. 196, Syl. ¶ 3, 506 P.3d 267 (2022), the court held:

> "Judicial dictum is an expression of opinion on a question directly involved in a particular case, argued by counsel, and deliberately ruled on by the court, although not necessary to a decision. While not binding as a decision, judicial dictum is entitled to greater weight than obiter dictum and should not be lightly disregarded."

See *State v. Spagnola*, 295 Kan. 1098, 1101, 289 P.3d 68 (2012). Thus, we hold that the panel of Redmon's direct appeal did not decide the Eighth Amendment issue on the merits. For that reason, the district court was incorrect in its holding.

But claim preclusion under the doctrine of res judicata is not limited only to a prior decision on the merits. If a movant *could* have made an argument at trial or on direct appeal but neglected to properly do so, they waive the opportunity to challenge the issue in a collateral attack. *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). As discussed in *Marks*, the Kansas Supreme Court in *Neer* affirmed Neer's conviction on direct appeal. He later moved to correct his sentence on the grounds there was not sufficient evidence to sustain his conviction. The district court refused to alter Neer's sentence, and he appealed. On appeal, the Kansas Supreme Court declined to review Neer's claim based on res judicata, holding that Neer could have challenged the sufficiency of the evidence in his direct appeal but did not. 247 Kan. at 141-45. As in *Neer*, Redmon could have included his constitutional claim in his direct appeal, but he failed to properly do so, rendering this collateral attack improper.

Finally, to add to the judicial dictum, we must observe that a recent ruling of the Kansas Supreme Court eliminates any question about Redmon's sentence. In *State v. Gulley*, 315 Kan. 86, 102, 505 P.3d 354 (2022), the court held: "Unlike life without parole and the death penalty, life with parole offers 'hope of restoration' because it provides an opportunity for release within an offender's lifetime. Consequently, *Miller* is inapplicable. With our decision, we join courts across the country that have concluded the same. [Citation omitted.]"

Redmon's sentence is long but there is a chance for parole. The ruling in *Miller* is inapplicable.

Since the district court reached the right result here, we uphold its ruling even though it relied on the wrong ground. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.

* * *

ATCHESON, J., concurring:  I join in the majority's ultimate conclusion denying Marquatesz R. Redmon's quest for relief from the controlling 732-month sentence he received for his convictions on rape and other felony charges following a jury trial in Sedgwick County District Court. As a juvenile who had been referred for adult prosecution, Redmon contends the overall term of imprisonment is tantamount to a life sentence without parole and, therefore, amounts to cruel and unusual punishment violating the protections afforded criminal defendants in the Eighth Amendment to the United States Constitution. I would cut through the predicate procedural issues and reach the merits of Redmon's claim.

Based primarily on the Kansas Supreme Court's recent decision in *State v. Gulley*, 315 Kan. 86, 102-03, 505 P.3d 354 (2022), neither the overall sentence nor the 618-month sentence on the rape conviction can be considered the legal equivalent of life without parole. The Eighth Amendment does preclude life without parole sentences for juvenile offenders convicted of crimes other than murder (or some comparable form of homicide). *Graham v. Florida*, 560 U.S. 48, 74-75, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). Given his age and the period of incarceration, Redmon retains the actuarial possibility of being released from prison. Under *Gulley*, that is good enough to find that an extended sentence for a term of years does not equate to imprisonment for life without the possibility parole.

Although *Gulley* involved a murder conviction, the court's discussion of if or when a sentence for a term of years might be considered comparable to imprisonment for life without parole under the Eighth Amendment is applicable here and undercuts Redmon's substantive argument. For that reason, I join in the majority's conclusion affirming the district court's denial of relief to Redmon and that portion of the majority opinion applying *Gulley* in coming to that conclusion.

7