NOT DESIGNATED FOR PUBLICATION

No. 115,660

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 23, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: William Johnson was convicted on his plea to one count of attempted rape. The district court imposed 122 months' imprisonment plus 36 months' postrelease supervision. The court subsequently entered an order correcting the postrelease supervision period to lifetime postrelease supervision.

Johnson appeals from this correction of his sentencing arguing that his 36 months' postrelease supervision was not an illegal sentence and, thus, the district court had no authority to order the correction. Johnson also argues that imposition of lifetime

1

postrelease supervision violates both the 8th Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights.

We find that Johnson raises no new or compelling arguments which have not previously been considered and rejected by Kansas appellate courts. The district court did not err in correcting Johnson's sentence to include lifetime postrelease supervision.

*Factual and Procedural Background*

Johnson was charged in June 2008 with aggravated criminal sodomy; indecent liberties with a child; and two counts of rape. The State alleged that Johnson had sexually abused his granddaughter multiple times over a period of years.

In September 2008, Johnson accepted a plea agreement whereby he would plead guilty to a single amended count of attempted rape, which was alleged to have occurred between February 1, 2007, and March 1, 2008. In exchange, the State reserved the right to request a sentence double the maximum sentence in the appropriate sentencing grid box based on Johnson's status as a persistent sex offender due to a prior conviction for a sexual offense. The district court accepted the plea after an appropriate colloquy in which Johnson agreed to the factual basis for the amended charge, and convicted Johnson of one count of attempted rape. During the plea colloquy the court and the parties discussed a 36-month period of postrelease supervision following completion of a prison term.

At a subsequent sentencing hearing on February 17, 2009, the State requested a prison sentence of 122 months—double the aggravated sentence in the sentencing grid box corresponding to Johnson's criminal history score of I. Johnson, in turn, requested a downward departure sentence. The district court rejected Johnson's motion for departure and imposed the 122-month prison sentence with 36 months' postrelease supervision. No direct appeal was taken from this sentence.

Some 6-1/2 years later, Johnson filed a posttrial motion regarding his postrelease supervision period, which eventually culminated in a hearing on November 6, 2015, before the district court for correction of illegal sentence. Johnson filed a written waiver of his right to be present for the hearing, but he was represented by counsel. Based on the written submissions of the parties and oral argument at the hearing, the district court accepted the State's position that the postrelease period was required by statute to be lifetime postrelease supervision and that no departure was permitted. The court accordingly resentenced Johnson to a period of lifetime postrelease supervision. In doing so, the court also rejected Johnson's argument that lifetime postrelease supervision was unconstitutional.

Johnson timely filed his appeal from this judgment and order.

*K.S.A. 2016 Supp. 22-3717(d)(1)(G) requires imposition of lifetime postrelease supervision.*

On appeal, Johnson argues that K.S.A. 2016 Supp. 22-3717(d)(1) provides for two different terms of postrelease supervision for sexually violent crimes. He points out that subsection (d)(1)(D) provides that a sexually violent offender will receive 36 months postrelease supervision, while subsection (d)(1)(G) provides that a sexually violent offender will receive lifetime postrelease supervision. He argues that the rule of lenity would require a finding that his 36-month postrelease period was a legal sentence and the district court had no jurisdiction to correct his sentence.

Appellate courts exercise unlimited review over the determination of the legality of a sentence. *State v. Moncla,* 301 Kan. 549, 551, 343 P.3d 1161 (2015). The interpretation of the sentencing statute is also a question of law over which we exercise unlimited review. *State v. Collins,* 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

3

Johnson's arguments regarding the alleged contradictions between K.S.A. 2016 Supp. 22-3717(d)(1)(D) and (d)(1)(G) have been rejected by several panels of this court. In *State v. Herrmann,* 53 Kan. App. 2d 147, 153-54, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016, it was determined that subsection (d)(1)(D) only applies to individuals convicted of a sexually violent crime on or after July 1, 1993, and prior to July 1, 2006, and that subsection (d)(1)(G) applies to convictions occurring after June 30, 2006. The *Herrmann* court concluded that there are no persons convicted of a sexually violent crime to whom both subsection (d)(1)(D) and (d)(1)(G) would apply. 53 Kan. App. 2d 147, Syl. ¶ 6. The *Herrmann* rationale and analysis has now been adopted and followed in numerous unpublished but persuasive opinions. See *State v. Rothstein*, No. 114,749, 2016 WL 7031921, at *2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 19, 2016; *State v. Kness*, No. 115,480, 2017 WL 1295994, at *1-2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Combs*, No. 115,638, 2017 WL 1296312, at *6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Kilgore*, No. 115,010, 2017 WL 748597, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 20, 2017; *State v. Rose*, No. 115,490, 2017 WL 383877, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 27, 2017; *State v. Younkman*, No. 115,606, 2017 WL 1035473, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 30, 2017.

We see no reason to reinvent the wheel herein, and we also adopt the *Herrmann* interpretation. Johnson was convicted of attempted rape in September 2008. The crime of conviction was committed between February 1, 2007, and March 1, 2008. Attempted rape is a sexually violent crime. K.S.A. 2016 Supp. 22-3717(d)(5)(A) and (M). Thus, K.S.A. 2016 Supp. 22-3713(d)(1)(G) is applicable, and the district court should have originally sentenced Johnson to lifetime postrelease supervision. The failure to do so resulted in an illegal sentence which may be corrected at any time. K.S.A. 22-3504(1). The district

court did not err by correcting Johnson's illegal sentence and imposing lifetime postrelease supervision.

*Constitutional issues may not be litigated under a motion to correct an illegal sentence.*

In addition to contesting the illegal sentence issue, Johnson raises both case-specific and categorical challenges to the constitutionality of the imposition of lifetime postrelease supervision, under both § 9 of the Kansas Constitution Bill of Rights and the 8th Amendment to the United States Constitution.

In *State v. Reese*, 306 Kan.___, Syl., 393 P.3d 599 (2017), the Kansas Supreme Court reaffirmed the principle: "The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision and a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence." The court noted: "In *State v. Dickey,* 305 Kan. 217, 220, 380 P.3d 230 (2016), we warned that a party who raises a question of constitutional law 'runs squarely into the hurdle imposed by our prior caselaw that "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision [and] a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.' [Citations omitted.]"'" *Reese*, 393 P.3d at 600-01. A motion to correct an illegal sentence is not a proper vehicle to assert a constitutional challenge to a defendant's sentence. *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015); see *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016); *State v. Warrior,* 303 Kan. 1008, Syl., 368 P.3d 1111 (2016).

We are duty bound to follow Supreme Court precedent, especially where the Supreme Court has, as in *Reese*, explicitly indicated that it is not departing from its established position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Johnson's presentation of a constitutional argument in the context of the motion to correct

an illegal sentence runs counter to well-established precedent, and the district court should not have considered or ruled upon these issues. However, since Johnson failed to establish his statutory claim that his sentence was not illegal, the correction of his sentence reached the correct result, although partially for the wrong reason, and is affirmed. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Even if Johnson's constitutional issues had been properly raised for consideration and preserved for appellate review, we would take note that he brings forth no new or compelling arguments which have not been previously raised and rejected in prior controlling decisions. See *State v. Mossman*, 294 Kan. 901, 281 P.3d 153 (2012); *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012). In *State v. Funk*, 301 Kan. 925, 942, 349 P.3d 1230 (2015), the constitutional analysis was specifically applied in a case involving an attempted crime.

Johnson attempted to establish a case-specific factual disproportionality of lifetime postrelease supervision as applied in his sentence. But his analysis under the first factor set out in *State v. Freeman,* 223 Kan. 362, 367, 574 P.2d 950 (1978), clearly weighs against him. Johnson was found to be a persistent sex offender at his original sentencing. The original charges against him outlined a long period and pattern of sexual abuse. Johnson committed the crime of conviction when he was 62 years old while the victim, his own granddaughter, was only 13. Thus, the district court had ample evidence for accepting the State's contention that society has a valid penological interest in protecting its citizens from a person who has been convicted of indecent solicitation of a child and thereafter commits attempted rape of a child.

Again, we are duty bound to follow the well-established Kansas Supreme Court precedent upholding the constitutionality of the lifetime postrelease provisions in cases such as Johnson's. See *Meyer*, 51 Kan. App. 2d at 1072.

Affirmed.