**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 27, 2006**

**TENTH CIRCUIT**

VERNON J. AMOS,

      Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 06-3093

District of Kansas

(D.C. No. 04-CV-3138-SAC)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Vernon J. Amos, a state prisoner proceeding *pro se*, seeks a certificate of
appealability (COA) that would allow him to appeal the district court's order
denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §
2253(c)(1)(A). Because we conclude that Mr. Amos has failed to make "a
substantial showing of the denial of a constitutional right," we **DENY** his request
for a COA and dismiss the appeal. *Id*. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## I. Factual and Procedural Background

Mr. Amos and others, including Philip Miller, were in a car with Antwuan James when Mr. James was shot and killed in 1999. Mr. Miller, who was sitting in the back seat at the time of the murder, provided the information that led to Mr. Amos's arrest and later served as the State's primary witness at trial. Mr. Amos was convicted by a jury of first-degree murder and conspiracy to commit aggravated robbery, and is currently serving a sentence in the El Dorado, Kansas, correctional facility.

Mr. Amos appealed his conviction, and the Kansas Supreme Court affirmed on June 1, 2001. *State v. Amos*, 23 P.3d 883, 889 (Kan. 2001). After an unsuccessful request for postconviction relief in state court, he petitioned for a writ of habeas corpus under § 2254 on May 4, 2004, seeking relief on four grounds: (1) that the prosecutor secured the conviction through the use of coerced and perjured testimony; (2) that defense counsel was constitutionally ineffective at trial; (3) that the charging documents were fatally defective; and (4) that the prosecutor withheld exculpatory evidence.

On February 15, 2005, the district court denied Mr. Amos's application for a writ of habeas corpus, in part because he failed to give the state courts a "full and fair" opportunity to resolve his claims, and in part because his challenge to the charging document arose under state law, which cannot serve as the basis for federal habeas relief. Mr. Amos sought a COA from the district court and

requested leave to proceed *in forma pauperis* on appeal.  The district court, on March 24, 2006, denied his request for a COA, but allowed him to proceed *in forma pauperis*.

## II.  Discussion

A COA will issue only if a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). To the extent that the district court dismissed the petition on procedural grounds, a petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  In his request for a COA, Mr. Amos objects to the district court's dismissal, on procedural grounds, of his claims regarding prosecutorial misconduct.  He also repeats his challenge to the charging documents, and raises a number of additional issues for the first time.

A.  Claims Dismissed as Procedurally Barred

Mr. Amos challenges the district court's ruling that he is procedurally barred from pursuing two prosecutorial misconduct claims: (1) that the

-3-

prosecution secured his conviction through the use of coerced and perjured testimony; and (2) that the prosecution withheld exculpatory evidence.

Mr. Amos raised these claims for the first time in a motion for postconviction relief in state court under K.S.A. § 60-1507. The state district court denied Mr. Amos's requests for an evidentiary hearing, appointment of counsel, and postconviction relief on the ground that he had not shown good cause for using a postconviction proceeding as a second appeal. Under Kansas law, "those issues that could have been presented, but were not presented, are deemed waived. Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding." *State v. Neer*, 795 P.2d 362, 365-66 (Kan. 1990). The state district court found that the claims raised in the motion for postconviction relief should have been raised in Mr. Amos's direct appeal, and therefore summarily denied the motion.

Mr. Amos appealed that decision in state court, but he admits in his petition that the appeal concerned only the denial of an evidentiary hearing and appointment of counsel. The state appellate court therefore did not address whether his prosecutorial misconduct claims were barred on procedural grounds. Accordingly, those claims are procedurally defaulted: the state court deemed the arguments waived, and Mr. Amos never challenged that ruling in state court. *See Smith v. Mullin*, 379 F.3d 919, 925-26 (10th Cir. 2004) (finding procedural

-4-

default based on failure to raise claims on direct appeal under state procedural rules).

A federal district court may review procedurally defaulted claims under § 2254 only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Amos contends that he had "cause" for failing to raise his claims on direct appeal for two reasons: (1) that his counsel was constitutionally ineffective, and (2) that he had limited access to legal resources.

Although attorney error can constitute "cause" for a defendant's procedural default, it must rise to the level of a constitutional violation and, accordingly, must be presented as an independent claim to state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Because Mr. Amos has never presented an independent claim of ineffective assistance of counsel to the state courts, any attorney error cannot serve as cause for the procedural default.

Mr. Amos also argues that his limited access to legal resources is sufficient cause for his failure to comply with state procedural rules. To overcome procedural default based on a claim of limited access to legal materials, a petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claim." *Miller v. Marr*, 141 F.3d

976, 978 (10th Cir. 1998). Here, Mr. Amos alleges simply that he has "been unable or hindered at various times from filing or preparing legal pleadings." App. for COA 3i. Such allegations lack "specificity" concerning the pleadings or filings he was unable to complete as a result of his allegedly limited access to legal materials.

Moreover, the record suggests that Mr. Amos had ample opportunity to raise these claims on direct appeal. In a motion for a new trial, Mr. Amos in fact raised both of his prosecutorial misconduct claims, but his appellate counsel elected not to pursue them further. Mr. Amos subsequently sought and obtained permission to file a supplemental brief *pro se* on direct appeal, expressly for the purpose of addressing additional issues not raised by counsel. Despite receiving two extensions, Mr. Amos never filed a supplemental brief. After four months, the Kansas Supreme Court deemed the brief abandoned and proceeded to hear arguments on the issues raised by his appellate counsel. Given the lack of specificity concerning Mr. Amos's access to legal materials, and the Kansas courts' commendable efforts to accommodate his desire to raise additional issues, we cannot say that Mr. Amos has established "cause" for his procedural default.

Because Mr. Amos cannot demonstrate cause and prejudice for his procedural default and makes no claims of a fundamental miscarriage of justice,

jurists of reason could not find it debatable whether the district court was correct in its procedural ruling.

The district court also found that Mr. Amos's claim of ineffective assistance of trial counsel was procedurally defaulted. Mr. Amos has never asserted this claim before any state court, either on direct appeal or in a request for postconviction relief. Any motion for postconviction relief is now time-barred in state court. *See* K.S.A. § 60-1507(f)(1) (imposing a one-year limitation period, which runs from the termination of direct appellate review). Accordingly, this claim is procedurally defaulted, and the district court correctly refused to consider it.

## B. Charging Document Challenge

Mr. Amos also objects to the district court's finding that his challenge to the charging document was based on state law, and therefore provided no ground for federal habeas relief. Under 28 U.S.C. § 2254(a), federal courts may entertain an application for a writ of habeas corpus on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Although a charging document may violate the Sixth Amendment if it fails to provide a defendant with adequate notice of the nature and cause of the accusation filed, the adequacy of a state criminal complaint presents a question of state law rather than federal law. *Johnson v.*

*Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999).  The district court correctly found that Mr. Amos presented a question of state law, not a cognizable claim for federal habeas relief, by claiming that the charging document was defective.  To the extent that he has raised a Sixth Amendment challenge, Mr. Amos has provided no information to suggest that the charging document failed to provide him with adequate notice of the accusations against him.  Accordingly, he has failed to make a substantial showing of the denial of a constitutional right.

C.  Issues Not Raised Below

Mr. Amos raised several additional issues for the first time in his request for a COA: (1) that his appellate counsel was constitutionally ineffective; (2) that the trial court somehow committed constitutional error in denying a motion for a new trial based on new testimony; (3) that the trial court violated his constitutional rights by denying him a new trial or an evidentiary hearing based on the confession of a co-defendant; and (4) that the state district court violated his constitutional rights by denying his motion for postconviction relief without holding an evidentiary hearing.

Issues that are not raised before lower courts will rarely be considered by federal appellate courts.  *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993).  Here, Mr. Amos has suggested no special circumstances that require this Court to address his claims for the first time on appeal.  *United States*

*v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005).  Therefore, we deny a COA as to the remaining claims.

### III.  Conclusion

We **DENY** Vernon J. Amos's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge