IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,925

STATE OF KANSAS,
*Appellee*,

v.

VERNON J. AMOS,
*Appellant*.

SYLLABUS BY THE COURT

A claim that a sentence is illegal because it violates the constitution cannot be brought via K.S.A. 22-3504(1). Nor can a K.S.A. 22-3504(1) motion to correct an illegal sentence serve as the procedural vehicle for attacking the constitutionality of K.S.A. 2016 Supp. 21-6620(f), which makes legislation enacted in response to *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), inapplicable to sentences that were final before June 17, 2013.

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 15, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.:  In 2013, the Kansas Legislature held a special session in response to the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99,

133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), and enacted provisions requiring jury findings before an enhanced mandatory minimum sentence can be imposed for persons convicted of premeditated first-degree murder. L. 2013, ch. 1 (now codified at K.S.A. 2016 Supp. 21-6620). In this appeal, Vernon J. Amos argues he is entitled to a new sentencing hearing under this 2013 legislation even though his sentence was imposed in 1999 and became final after exhaustion of his direct appeal in 2001.

Before us, Amos recognizes the Kansas Legislature provided the 2013 legislation "shall not apply to cases in which the defendant's conviction and sentence were final prior to June 17, 2013." K.S.A. 2016 Supp. 21-6620(f). But, for the first time on appeal, he argues this restriction violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Because the effect of this attack would ultimately lead to application of the amended provisions, Amos argues this court has jurisdiction under K.S.A. 22-3504(1), the statute allowing the court to consider an illegal sentence at any time.

We reject Amos' argument. Although Amos couches his claim in statutory terms in an attempt to fit his arguments within the parameters of caselaw regarding K.S.A. 22-3504(1) motions, he primarily complains his sentence is illegal because he has been subjected to unequal treatment in a manner prohibited by the constitution. This court has repeatedly held a defendant cannot raise constitutional challenges to a sentence via a motion to correct illegal sentence under K.S.A. 22-3504(1). We, therefore, affirm the district court's summary denial of Amos' motion.

FACTS AND PROCEDURAL HISTORY

In March 1999, a jury convicted Amos of first-degree murder and conspiracy to commit aggravated robbery. In a separate sentencing hearing conducted in July 1999, a

district court judge weighed certain aggravating and mitigating factors set forth in K.S.A. 21-4636 and K.S.A. 21-4637 and sentenced Amos to a hard 40 sentence for his first-degree murder conviction and 120 months for his conspiracy to commit aggravated robbery conviction. Amos appealed without raising any sentencing issues, and this court affirmed his convictions. *State v. Amos*, 271 Kan. 565, 23 P.3d 883 (2001).

Subsequently, Amos sought postconviction relief. He twice brought actions under K.S.A. 60-1507; both motions were summarily dismissed by the district court and affirmed by the Court of Appeals. *Amos v. State*, No. 90,683, 2004 WL 48887 (Kan. App. 2004); *Amos v. State*, No. 109,106, 2014 WL 3731905 (Kan. App. 2014). Amos also sought federal habeas relief without success. *Amos v. Roberts*, 189 Fed. Appx. 830 (10th Cir. 2006) (unpublished opinion); *Amos v. Roberts*, No. 04-3138-SAC, 2006 WL 354833 (D. Kan. 2006) (unpublished opinion).

The current proceeding began in 2015, when Amos filed a pro se motion to correct an illegal sentence. He primarily argued he was entitled to relief under two cases: *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), and *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). He also argued he was entitled to relief under the 2013 legislation now codified at K.S.A. 2016 Supp. 21-6620. He did not raise a constitutional challenge to 21-6620(f), however, or even recognize its preclusive effect.

The district court summarily denied the motion on December 15, 2015. The court's brief order addressed the legality of the sentence but did not specifically address Amos' attempt to invoke the legislation enacted in 2013 as a basis for granting him a new sentencing proceeding. This appeal followed.

3

ANALYSIS

Well-established principles control our consideration of a motion to correct an illegal sentence:

First, under the terms of K.S.A. 22-3504(1), a "court may correct an illegal sentence at any time."

Second, in a longstanding line of cases, we have repeatedly held that an illegal sentence is:

> "[1] a sentence imposed by a court without jurisdiction; [2] a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or [3] a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Thomas*, 239 Kan. 457, 460, 720 P.2d 1059 (1986).

See, e.g., *State v. Sims*, 306 Kan. 618, 620, 395 P.3d 413 (2017).

During this past legislative session, the Kansas Legislature codified this definition. See L. 2017, ch. 62, § 9.

Third, we have also repeatedly stated that K.S.A. 22-3504(1) does not extend to challenges alleging the sentence violates a constitutional provision. E.g., *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015).

Finally, the legality of a sentence presents a question of law subject to unlimited, de novo review. *Moncla*, 301 Kan. at 551; *State v. Trotter*, 296 Kan. 898, 901-02, 295 P.3d 1039 (2013).

We apply these principles to the single issue raised by Amos in his brief to this court: Whether he is entitled to a new sentencing hearing under K.S.A. 2016 Supp. 21-6620(e). Specifically, he argues the State should be required in jury proceedings to prove the existence of aggravating factors beyond a reasonable doubt before his minimum sentence could be enhanced to a hard 40 sentence. See L. 2013, ch. 1; see generally *State v. Bernhardt*, 304 Kan. 460, 478, 372 P.3d 1161 (2016) (discussing the statutory amendments adopted during the 2013 special session and the legislative history).

Amos sought application of the 2013 special session legislation in his motion filed with the district court. He did not argue, however, why the district court should apply the 2013 legislation in light of the statute's explicit statement that the jury trial provisions do not apply if "the defendant's conviction and sentence were final prior to June 17, 2013." K.S.A. 2016 Supp. 21-6620(f). In fact, Amos did not even acknowledge this exclusion.

Before us, Amos addresses K.S.A. 2016 Supp. 21-6620(f) by making "a predicate constitutional claim" that the exclusion violates the Equal Protection Clause of the United States Constitution. He argues the effect of subsection (f) is to classify similarly situated individuals—those convicted of first-degree murder whose sentences violate *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—in a manner that arbitrarily denies him and others their fundamental right to a jury trial as recognized in *Alleyne*, 133 S. Ct. at 2155.

In making this argument, Amos recognizes he cannot use K.S.A. 22-3504(1) to assert that his hard 40 sentence is illegal because it violates the constitution as interpreted and applied in *Apprendi* and *Alleyene*. See *Moncla*, 301 Kan. at 553-54 (holding a defendant could not assert an *Alleyne* violation through 22-3504[1] "'[b]ecause the definition of an illegal sentence does not include a claim that the sentence violates a

constitutional provision'" [quoting *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007)]). He argues this principle does not apply here because he contends his sentence does not conform to the statutory requirements of a jury trial and proof beyond a reasonable doubt before a convicted defendant may be sentenced to an enhanced minimum sentence. See K.S.A. 2016 Supp. 21-6620. We disagree.

Amos' sentence actually conforms to K.S.A. 2016 Supp. 21-6620 because the statute explicitly states that the new procedures Amos hopes to invoke do not apply to his case—his sentence was final in 2001, years before the June 17, 2013, statutory cutoff. The heart of Amos' argument is that (1) his hard 40 sentence fails to conform to the constitutional requirements recognized in *Alleyne* and (2) subsection (f) must be deemed unconstitutional because it forecloses a mechanism to redress a violation of those constitutional rights. A claim that a sentence is illegal because it violates the constitution cannot be brought via K.S.A. 22-3504(1), nor can a motion to correct an illegal sentence be used as a procedural mechanism for declaring K.S.A. 2016 Supp. 21-6620(f) unconstitutional. See *Moncla*, 301 Kan. at 553-54. Without that predicate step, Amos' argument fails.

We, thus, do not reach the merits of Amos' argument regarding K.S.A. 2016 Supp. 21-6620. For clarity we add this note: We have not considered the effect of amendments to K.S.A. 22-3504 made during the 2017 legislative session. Among other changes, K.S.A. 22-3504 now states: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." L. 2017, ch. 62, § 9. The parties did not discuss the impact of this provision. Given that and because application of the provision would not change the outcome of our decision, we have resolved this case based solely on the parties' arguments.

As to any other issues, Amos' brief on appeal did not include the arguments he made in district court about the application of *Murdock*, 299 Kan. 312, or *Dickey*, 50 Kan. App. 2d 468. As such, he has waived or abandoned those arguments. See *State v. Angelo*, 306 Kan. 232, 236, 392 P.3d 556 (2017) (quoting *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 15, 61 P.3d 68 [2002]).

We affirm the district court's summary dismissal of Amos' motion to correct an illegal sentence.

Affirmed.